

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff-Respondent, | § § | |
| v. | § § | Cr. No. C-00-260 |
| ERNESTO TIJERINA, | § § § | |
| Defendant-Movant. | § | |

### ORDER

Judgment of conviction was entered against Defendant Ernesto Tijerina ("Tijerina") on November 20, 2000. (D.E. 22). Tijerina appealed from the judgment of conviction and sentence. (D.E. 23, 24). The Fifth Circuit affirmed the conviction and sentence in an unpublished opinion entered April 15, 2002, and issued as mandate on May 5, 2002. (D.E. 40, 41). Tijerina filed a petition for writ of certiorari, which the Supreme Court denied on October 7, 2002. See Tijerina v. United States, 537 U.S. 882 (2002). Tijerina filed a timely § 2255 motion on July 30, 2003 (D.E. 42), which this Court denied on substantive grounds. (D.E. 48, 49). He did not appeal from that order or judgment.

Since the denial of his first § 2255 motion, Tijerina has filed a number of motions challenging his conviction and/or sentence, described in detail in the Court's Order entered August 3, 2004. (D.E. 59 at 2-3). On August 23, 2004, the Fifth Circuit dismissed an appeal from the denial of one of his post-conviction motions. (D.E. 61). On December 13, 2004,

the Fifth Circuit issued an order denying him a COA. (D.E. 62).

On January 14, 2005, the Court received from Tijerina a letter motion requesting a reduction in his sentence, which he has styled as a "Motion for Reconsideration to Run Probation Violation Concurrent." Rather than challenging his sentence on the same grounds he has raised previously, he simply explains that since his incarceration he has lost all of his property and assets and that his wife has divorced him. He states that he wants to get out of prison so that he can work on his marriage and be a father figure to his children, as well as provide financial support for them. He requests that the Court change the judgment in his case to indicate that his 18-month sentence for revocation of supervised release run concurrent, rather than consecutive to his 120-month sentence.

His motion is properly construed as a motion for reduction of sentence. Tijerina has not, however, stated grounds that entitle him to relief. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(b). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c), (2) under FED. R. CIM. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed), and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(b)-(c).

Tijerina fails to assert grounds for modification that fall into any of the categories above. Rather, he is simply asking for a reduced sentence based on his personal situation and his family's need for his support. Therefore, the Court does not have authority to alter Tijerina's sentence and his motion is DENIED.

For the foregoing reasons, Tijerina's letter motion to reduce sentence is DENIED.

It is so ORDERED this __17__ day of February, 2005.

_____
H.W. HEAD, JR.
CHIEF JUDGE