IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-00-260 |
| | § | |
| ERNESTO TIJERINA, | § | |
| | § | |
| Defendant-Movant. | § | |

## ORDER DENYING MOTION FOR
## RECOMMENDATION FOR HOME CONFINEMENT

Pending before the Court is a *pro se* motion filed by Defendant Ernesto Tijerina ("Tijerina") and received by the Clerk on May 9, 2008. (D.E. 70.) In it, he requests that the Court recommend to the Bureau of Prisons that he complete the final six to eight months of his sentence on home confinement. In support of his request, he alleges that he has "maintained clear conduct as of 2004," that he is a "non-violent offender" and that his personal circumstances warrant the placement. (D.E. 70 at 1.) Specifically, he explains that his mother has passed away and he wants to be home to "assume responsibilities" with his wife, family and elderly father. (D.E. 70 at 1.)

In a hand-written supporting statement filed with the motion, Tijerina further explains that the BOP keeps him separated from several gangs due to past assaults against him and that this has caused him to be far away from his family and children. He states that the

Bureau of Prisons has told him that he would have to release to a halfway house far away from his family to avoid gang members. He wants to be close to his family and so asks for a recommendation for home confinement instead of placement in a halfway house.

To the extent that Tijerina's motion can be construed as requesting a change or reduction in his sentence, the Court is without authority to grant the relief he seeks. This Court has authority to modify or correct a previously imposed sentence, however, only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c). Tijerina fails to assert grounds for modification that fall into any of the categories above. Therefore, the Court does not have authority to alter his sentence.

Moreover, the decision of an offender's placement is ultimately a decision to be made by the Bureau of Prisons, in its discretion. Although Tijerina appears to be asking only for a recommendation by this Court, any request for placement on home confinement

is not properly addressed to this Court. Indeed, in United States v. Sneed, 63 F.3d 381 (5th Cir. 1995), the Fifth Circuit declined to address the defendant's request to be allowed to serve the remainder of his sentence on home confinement. It reasoned that:

> [S]uch requests are properly directed to the Bureau of Prisons. See 18 U.S.C. § 3624(c) (1988) (providing that Bureau of Prisons has the authority to "place a prisoner in home confinement"); see also Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 (10th Cir. 1992) ("Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period."), cert. denied, 510 U.S. 830, 114 S. Ct. 98, 126 L. Ed.2d 65 (1993).

Sneed, 63 F.3d at 389 n.6. Thus, it is the BOP's decision as to whether or not to place Tijerina on home confinement, not this Court's. The Court will not make a recommendation as to his placement. It thus neither recommends him for such placement, nor recommends against such placement.

## CONCLUSION

For the foregoing reasons, Tijerina's motion (D.E. 70) is DENIED.

ORDERED this 9th day of June, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE